IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DAVID OLALDE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )  Civil Action No. 5:11-0802 |
| | ) |
| **JOEL ZIEGLER, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 15, 2010, Petitioner, then incarcerated at FCI Beaumont, located in Beaumont, Texas, filed a Petition in the United States District Court for the Eastern District of Texas seeking relief pursuant to 28 U.S.C. § 2241.[1] (Document No. 1.). In his Petition, Petitioner complains that the BOP incorrectly found him guilty of "Engaging in or Encouraging a Group Demonstration" causing a loss of good time credit. (Id., pp. 6 - 8.) Petitioner states that FCI Beaumont went on lock-down status on September 28, 2009, at approximately 5:00 p.m. (Id., p. 6.) While on lock-down in his cell, Petitioner explains that he prepared himself a meal using food purchased from the commissary. (Id.) Petitioner alleges that after he prepared his meal, "staff started passing out the so called 'coldfood out of brown bag' being bologna." (Id., p. 7.) Petitioner states that he cannot eat bologna because it makes him nauseous, "[s]o I told staff to give the brown bag to someone less fortunate than myself who might not have any commissary and because I was feeling extremely satisfied and guilty from all the food I just consumed." (Id.) Petitioner complains that based upon

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

his failure to accept the brown bag, he was charged in an incident report of "Engaging in or Encouraging a Group Demonstration." (Id.) During his DHO hearing conducted on November 19, 2009, Petitioner states that he explained he was innocent of the charge contained in the incident report. (Id., pp. 7 - 8.) Specifically, Petitioner argued he was innocent of the charge of "Engaging in or Encouraging a Group Demonstration" based on the following: (1) "I was locked-down in my cell away from anyone in general population and other inmates;" (2) "I don't eat bologna;" and (3) "I have never received the brown bag with bologna on past B-M-M lock-down and never will because of the fact that I normally have around $350.00 worth of food in my locker at ALL TIMES." (Id.) Despite the foregoing, Petitioner complains that "DHO S. Lacy told me she finds that I committed the prohibited act of "Engaging in or Encouraging a Group Demonstration" and "disallowed 27 days of good conduct time and recommended a disciplinary transfer." (Id., p. 8.) As relief, Petitioner requests that his good time credit be returned and that the disciplinary action be expunged. (Id., p. 6.)

By Orders entered on October 20, 2011, the District Court for the Eastern District of Texas transferred this matter to this District as Petitioner had been transferred to FCI Beckley. (Document Nos. 11 and 12.). On October 28, 2011, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 15.)

On November 28, 2011, Respondent filed his Response to the Order to Show Cause. (Document No. 16.) Respondent argues that Petitioner's Petition should be dismissed because: (1) "Petitioner received the rights afforded pursuant to Wolff" (Id., pp. 9 - 11.); and (2) "The DHO's findings were sufficient to support the charge" (Id., pp. 11 - 13.). As Exhibits, Respondent attaches

the following: (1) The Declaration of Sarah Lilly (Document No. 16-1.); (2) A copy of Petitioner's Incident Report No. 1937790, from FCI Beaumont (Document No. 16-2, pp. 2 - 3.); (3) A copy of the "Notice of Discipline Hearing Before the DHO" dated November 3, 2009 (Id., p. 5.); (4) A copy of the "Inmate Rights at Disciplinary Hearing" dated November 3, 2009 (Id., p. 7.); (5) A copy of the "Discipline Hearing Officer Report" dated December 17, 2009 (Id., pp. 9 - 11.); (6) A copy of the "DHO Assistant Worksheet" (Id., p. 12.); (7) A copy of Petitioner's Administrative Remedy Requests and Responses (Id., pp. 14 - 17.); and (8) A copy of the redacted "Inmate Investigative Report" from FCI Beaumont (Id., pp. 19 - 23.).

On February 29, 2012, Petitioner filed his "Reply to Government's Response to Order to Show Cause." (Document No. 19.) First, Petitioner argues that "[b]ased on the evidence, which included the written report and Petitioner's admission to not accepting the bag lunch, the DHO came to the erroneous conclusion that Petitioner made a stand and thus engaged in a group demonstration." (Id., p. 3.) Petitioner states that he "was merely exercising this right to consume healthy foods." (Id.) Petitioner states that he "refrains from eating lunch meats that contain nitrates, such as bologna, [because] Petitioner has a family history of hyper-tension and heart disease." (Id.) Petitioner contends that "[t]here was no evidence that his simple rejection of an unhealthy food was done in front of a group of inmates." (Id., p. 4.) Petitioner claims that the "DHO's reason for imposing the sanctions, the engaging in group demonstrations, is without merit [as] there were no group demonstrations." (Id.) Next, Petitioner argues that "due process requires the BOP to afford the inmate the right to call witnesses and that right was violated when the venue was transferred from Texas to West Virginia in this action." (Id., pp. 4 - 5.)

**DISCUSSION**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due

> Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated

that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Code 212,[2] prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. Petitioner, however, contends that Respondent violated his due process rights because (1) he was denied his right to call witnesses; and (2) there was inadequate evidence to support the DHO's findings.

First, the undersigned will consider Petitioner's claim that his due process rights were violated because he was denied his right to call witnesses. A review of the record reveals that Petitioner was provided a "Notice of Discipline Hearing Before the DHO" on November 3, 2009. (Document No. 16-2, p. 5.) On the "Notice of Discipline Hearing Before the DHO," Petitioner

---

[2] The Incident Report dated October 30, 2009, described the incident as follows (Document No. 16-2, p.2.):

> On October 30, 2009, an SIS investigation was completed concerning the Food Strike from September 28, 2009. During the investigation it was determined inmate Olalde did in fact engage in a group demonstration. During the investigation inmate Olalde did admit to refusing meals when meals were offered, because the other inmate refused.

indicated that he wished to call an inmate witness.[3] (Id.) The DHO hearing was held on November 19, 2009. (Document No. 16-2, p. 9.) Petitioner, however, did not request to call any witnesses during the DHO hearing. (Id.) Petitioner made a statement in his defense stating that "I told the guy that I don't eat the bologna. I admit to not taking the snack." (Id.) The undersigned, therefore, finds that the record is void of any evidence that Petitioner requested and was denied the right to present witnesses during his DHO hearing. Accordingly, the undersigned finds that Petitioner's due process claim is without merit.

Petitioner further claims that his due process right to call witnesses was violated because the instant case was transferred from Texas to this District. Petitioner notes that his inmate witness was located at FCI Beaumont, located in Texas. First, the Court notes that Petitioner's DHO hearing was conducted while Petitioner was incarcerated at FCI Beaumont. Next, the undersigned finds that Petitioner's Section 2241 Petition was properly transferred to this District as he is an inmate at FCI Beckley. Pursuant to 28 U.S.C. § 2241(a), a writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas* petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006).

Finally, Petitioner argues that there was insufficient evidence to support the decision of the

---

[3] Petitioner indicated that the inmate witness would testify "that Olalde did not know what was going on. Also, that Olalde said to start eating." (Document No. 16-2, p. 5.)

DHO. In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." The undersigned finds that prison staff, the UDC and the DHO acted fully within their discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Codes 212. The finding was supported by the evidence and the disallowance of 27 days of good conduct time[4] was lawful and appropriate. In addition to the Incident Report and Investigation, the DHO considered the SIS Report BBM 09-242. (Document No. 16-2, p. 9.) In finding that Petitioner violated Code 212, the DHO specifically found as follows:

> I find that you committed the prohibited act of Engaging in or Encouraging a Group Demonstration. My decision is based in part on the written account that you admitted not taking the bag lunch. You stated that you did not eat bologna and that you admitted to not taking the bag lunch.
>
> I also considered your statement to me during the DHO hearing. Specifically, you admitted to not taking the bag lunch.
>
> The DHO believes the written report combined with your admission to the charge, proves you have committed the prohibited act. Due to you not accepting the bag displayed you Engaged in a Group Demonstration by not accepting the bag lunch you made a stand thus Engaging in the Group Demonstration.

(Id., p. 10.) Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights because there was "some evidence" to support the DHO's decision. As stated above,

---

[4] The DHO explained his reasoning for Petitioner's sanctions as follows (Document No. 16-2, p. 11.):

> Engaging in group demonstration will not be tolerated in the correctional environment nor en route to a facility. It can have extremely serious repercussions for both staff and inmates, since it tends to result in further disruptive and violent behavior. The sanction of disallowance of good conduct time is imposed to punish you for your actions. The sanction of disciplinary transfer is imposed to impress upon you the importance of following institution rules and regulations.

Petitioner was given written notice of the charges against him at least 24 hours before his hearing,[5] Petitioner received a statement of the reasons for the unfavorable decision in the form of a written report, and Petitioner had the opportunity to call witnesses in his defense. Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[5] The undersigned notes that Petitioner received written notice of the charges on October 31, 2009, and the DHO hearing was held on November 19, 2009. (Document No. 16-2, pp. 2 - 3, 9 - 11.)

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 26, 2013.

R. Clarke VanDervort
United States Magistrate Judge